

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| DASHAWN O. GIBBS, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 9:09-01081-HFF-BM |
| | § | |
| COMMISSIONER OF SOCIAL SECURITY, | § | |
| Defendant. | § | |

## ORDER

This case was filed as a social security disability benefits action. Plaintiff is represented by counsel. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that the decision of Defendant be affirmed. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on August 2, 2010, and Plaintiff filed his objections to the Report on August 19, 2010.

As noted by the Magistrate Judge, the Court is authorized to review the denial of social security benefits under 42 U.S.C. § 405(g). This scope of review, however, is a limited one. The Court must uphold the decision of the Administrative Law Judge (ALJ) as long as substantial evidence exists to support it and the ALJ applied the proper legal standard. *Hines v. Barnhart*, 453 F.3d 559, 561 (4th Cir. 2006) (citing *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001)). Substantial evidence is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is " 'more than a mere scintilla of evidence but may be somewhat less than a preponderance.' " *Mastro*, 270 F.3d at 176 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). In determining whether substantial evidence supports the ALJ's decision, the Court may not " 'reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ].' " *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (second alteration in original) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)). Instead, it must defer to the ALJ when " 'conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled.' " *Id.* (quoting *Craig*, 76 F.3d at 589). The Court, therefore, remains mindful of this limited, deferential standard when reviewing Plaintiff's objections and seeks only to ensure that the ALJ applied the proper legal standards and that substantial evidence exists to support his findings.

Plaintiff's primary objection concerns the hypothetical questions presented by the ALJ to the Vocational Expert (VE). According to Plaintiff, the ALJ asked an initial hypothetical that required Plaintiff to use a cane. Plaintiff maintains that when the VE began to give an answer that the ALJ did not desire, the ALJ changed the hypothetical so as to omit a cane requirement. Plaintiff

2

essentially argues that the ALJ altered his hypothetical until he elicited an answer from the VE that jobs existed in the economy that Plaintiff could perform. In his Report, the Magistrate Judge determined that the ALJ committed no reversible error in failing to include the cane requirement in his final hypothetical and that substantial evidence supported the ALJ's exclusion of a cane requirement. Plaintiff takes exception to the Magistrate Judge's recommendation, arguing that the issue is not how the ALJ arrived at the hypothetical or whether it adequately included Plaintiff's limitations. Instead, Plaintiff simply maintains that once the ALJ asked a hypothetical, he was stuck with the answer and could not alter the hypothetical. The Court finds this objection to be without merit.

Plaintiff fails to cite any authority supporting his argument that the ALJ is prohibited from changing the hypothetical that he asks the VE. In fact, the United States Court of Appeals for the Fourth Circuit has found that an ALJ's hypothetical questions were "entirely proper" when the ALJ asked alternative hypotheticals, with one "incorporat[ing the claimant's] subjective complaints and one that did not." *Davis v. Apfel*, No. 97-1719, 1998 WL 559728, at *2 (4th Cir. Sept. 2, 1998). The Fourth Circuit noted that "[b]y presenting a hypothetical, the ALJ was not making findings of fact." *Id.* Accordingly, it found that the ALJ could ask contradictory hypotheticals during examination of the VE and determine later which hypothetical "most closely fit the evidence of record." *Id.* Therefore, it is clear that the ALJ may ask a VE multiple hypotheticals, even if some are contradictory, and is not bound by the answer elicited in the first hypothetical asked.

In this case, the ALJ asked multiple hypotheticals that included different requirements. (R. at 714-16.) The ALJ was permitted to ask multiple hypotheticals, even if they were seemingly contradictory, and determine later which hypothetical most clearly fit his findings. He was not, as

a matter of law, bound by the answer to the first hypothetical that he asked. Thus, the Court overrules this objection.

Plaintiff also objects to the Magistrate Judge upholding the ALJ's credibility determinations with regard to Plaintiff's complaints of pain. More specifically, Plaintiff argues that the ALJ failed to comply with the Fourth Circuit's holding in *Hyatt v. Sullivan*, 899 F.2d 329 (4th Cir. 1990). In *Hyatt*, the Fourth Circuit reiterated that an ALJ could not discount the potential disabling effect of pain simply because of the absence of objective evidence to prove its existence, intensity, severity, or functional effect. *Id.* at 333-34, 337. The Court finds this objection also to be without merit.

In this case, the ALJ did not rely on the absence of objective evidence in finding Plaintiff's complaints of pain not completely credible. Instead, the ALJ relied on other aspects of the record and demonstrated that he considered the factors set forth in 20 C.F.R. § 404.1529(c) (setting forth factors to consider when evaluating the intensity and persistence of pain and the extent to which it limits the claimant's capacity to work). For instance, he considered the medication taken by Plaintiff for the pain and the lack of side effects. *See id.* § 404.1529(c)(3)(iv) (noting as a relevant factor in evaluating pain "[t]he type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain"). He specifically noted that Plaintiff was prescribed Neurontin for his phantom limb pain without any documented side effects and that Plaintiff also took Motrin. (R. at 568.) The ALJ also demonstrated that he considered the treatment that Plaintiff received for his pain. *See* 20 C.F.R. § 404.1529(c)(3)(v) (noting as a relevant factor in evaluating pain the "[t]reatment, other than medication, you receive or have received for relief of your pain"). He observed that Plaintiff had not required emergency treatment or inpatient hospitalization for the pain since August 2002. (R. at 568.) He further noted that Plaintiff never required epidural injections,

4

biofeedback, or surgery for his back and neck pain. (R. at 568-69.) He also recognized that treatment notes from November 2002 indicated that acupuncture helped reduce his pain. (R. at 569.) Thus, contrary to Plaintiff's objection, the ALJ did not rely on the absence of objective evidence of the pain in making his credibility determination, and as a result, the ALJ's decision did not run afoul of the Fourth Circuit's holding in *Hyatt*.

Finally, Plaintiff resubmits to this Court the initial brief and the reply brief that he submitted to the Magistrate Judge. The Court will treat the resubmission of the briefs as a general objection to the Magistrate Judge's Report. The Fourth Circuit has noted that "[t]he district court is only required to review *de novo* those portions of the [R]eport to which specific objections have been made." *Farmer v. McBride*, No. 04-7713, 2006 WL 1112794, at *2 (4th Cir. Apr. 26, 2006) (per curiam). It explained that a district court "need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.' " *Id.* (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)). By merely resubmitting the briefs he submitted to the Magistrate Judge, Plaintiff fails to direct the Court to a specific error in the Report. Thus, in the absence of any specific objection, the Court is left to conclude that Plaintiff simply objects to the Report in general.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of this Court that the decision of Defendant be **AFFIRMED**.

**IT IS SO ORDERED**.

Signed this 13th day of September, 2010, in Spartanburg, South Carolina.

                                          s/ Henry F. Floyd
                                          HENRY F. FLOYD
                                          UNITED STATES DISTRICT JUDGE